NOT DESIGNATED FOR PUBLICATION

No. 128,587

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARNET TOLEN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM:  Garnet Tolen brought a pro se motion to correct an illegal sentence, arguing that his criminal history had been improperly calculated. That motion was his seventh challenge to his sentence. The Saline County District Court denied his motion, holding it was barred by res judicata and the law of the case doctrine. After careful review, we affirm the district court's denial of his motion.

1

In 1999, Tolen was sentenced to 740 months' imprisonment for convictions of rape and criminal sodomy, which he committed in April 1998.

At that sentencing, after his objection, Tolen's criminal history was calculated to be an A. This score was based on three prior person felony convictions: (1) a 1980 kidnapping conviction in Geary County; (2) a 1980 robbery conviction in Leavenworth County; and (3) a 1994 aggravated criminal sexual contact conviction in New Jersey.

Tolen appealed that sentence, challenging in part the classification of his New Jersey conviction for aggravated criminal sexual contact as a person felony. Tolen argued that it should be classified as a person misdemeanor. See *State v. Tolen*, No. 84,058, 2002 WL 35657176, at *3-4 (Kan. App. 2002) (unpublished opinion). A panel of this court disagreed and held in 2002 that the district court properly classified that prior conviction as a person felony:

> "Our reading of the New Jersey statutes leads us to conclude that the most comparable offense in Kansas is aggravated sexual battery under K.S.A. 21-3518. Aggravated sexual battery is 'the intentional touching of the person of another who is 16 or more years of age and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another under any of the following circumstances,' which includes '[w]hen the victim is overcome by force or fear.' Aggravated sexual battery is a severity level 5, person felony. K.S.A. 21-3518(a), (b).
>
> "Tolen argues that criminal sexual contact under some circumstances would not even be a crime in Kansas or would be, at best, a misdemeanor. However, based on the victim's statement in the New Jersey case, that crime occurred under circumstances analogous to the crime of aggravated sexual battery in Kansas, and not [o]ther crimes cited by Tolen or no crime at all. Thus, the court did not err in labeling Tolen's conviction as a person felony." 2002 WL 35657176, at *4.

In 2005, Tolen collaterally attacked his sentence by filing a K.S.A. 60-1507 motion, which the district court dismissed as untimely. See *Tolen v. State*, 285 Kan. 672, 673, 176 P.3d 170 (2008). The Kansas Supreme Court affirmed that dismissal. 285 Kan. at 676.

After the dismissal of his K.S.A. 60-1507 motion, Tolen filed a pro se motion to correct an illegal sentence, again arguing that his New Jersey conviction had been improperly classified. But that motion was filed in his civil 60-1507 case. The district court denied that motion, holding it should have been filed in his criminal case rather than his civil case. Tolen did not appeal that denial. See *State v. Tolen*, No. 119,457, 2019 WL 3850633, at *1 (Kan. App. 2019) (unpublished opinion).

Tolen then filed a pro se motion to correct an illegal sentence in his criminal case, once again challenging the classification of his New Jersey conviction as a person felony. That motion relied on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), *overruled by State v. Keel*, 302 Kan. 560, 375 P.3d 251 (2015), which held that all pre-1993 out-of-state convictions should be scored as nonperson felonies. The district court took Tolen's motion under advisement pending the outcome of the motion to reconsider filed in *Murdock I. Tolen*, 2019 WL 3850633, at *1.

While that motion was pending, Tolen filed an amended motion to correct an illegal sentence with the assistance of counsel, arguing that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Murdock I* applied to his case. The district court denied that motion, and Tolen appealed. This court ordered Tolen to show cause why his appeal should not be summarily dismissed under *Keel*, 302 Kan. at 560. When Tolen did not respond, this court summarily affirmed the district court under Supreme Court Rule 7.041 (2019 Kan. S. Ct. R. 47). *Tolen*, 2019 WL 3850633, at *2.

3

Undeterred, Tolen once again challenged the classification of his New Jersey conviction, arguing that his sentence was illegal because the conviction should be classified as a misdemeanor. He argued the district court erred by failing to follow the statutory procedure for classifying a prior crime and by engaging in unconstitutional fact-finding under *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). See *Tolen*, 2019 WL 3850633, at *2.

The district court denied Tolen's motion, ruling that the relitigation of the issue was barred by the res judicata doctrine because a panel of this court had already decided the same issue. The district court also found that Tolen's motion to correct an illegal sentence was barred by the law of the case doctrine. Tolen appealed that denial. See 2019 WL 3850633, at *2.

On appeal, a panel of this court addressed the merits of Tolen's claim because after the parties had filed their briefs, the Kansas Supreme Court decided *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). In *Murdock II*, the Kansas Supreme Court held that "the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced." *Murdock II*, 309 Kan. at 591. The *Murdock II* court added that the threshold question of whether the legality of a sentence is fixed when pronounced "informs the applicability of preclusionary doctrines to K.S.A. 22-3504 motions." 309 Kan. at 590-91. So, as in *Murdock II*, the *Tolen* panel considered the substance of Tolen's argument. *Tolen*, 2019 WL 3850633, at *2. After review, that panel affirmed the district court and held that Tolen's sentence was legal when pronounced:

>"If we follow the same steps as the analysis in *Murdock II*, we must hold that
>Tolen's sentence was lawful when it was pronounced. In addition, Tolen's challenge to
>the classification of his New Jersey conviction as a felony became final after this court
>held the conviction was properly classified in his direct appeal. See *Tolen*, [2002 WL

4

35657176, at *3-4]. As stated in *Murdock II*, 'for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law.' 309 Kan. at 591.

"We acknowledge that our Supreme Court issued its opinion in *State v. Smith*, 309 Kan. 929, 441 P.3d 472 (2019), which arguably changes the law, again. In *Smith*, our Supreme Court held that K.S.A. 2015 Supp. 21-6811(e)(2) precludes a district court from scoring a municipal ordinance violation when the convicting jurisdiction's municipal code failed to designate that violation as a felony or misdemeanor. 309 Kan. 929, Syl. ¶ 4. But under *Murdock II*, this subsequent change in the law does not render Tolen's sentence illegal. After all, Tolen challenged the classification of his New Jersey conviction as a felony in his direct appeal, and our court's decision denying his direct appeal was filed in 2002. *Tolen*, [2002 WL 35657176, at *3-4]. In our view, Tolen's challenge to his sentence was final well before the *Smith* decision was rendered.

"In his final argument, we note that Tolen's constitutional argument is based on his assertion that to compare his New Jersey offense to the most comparable Kansas offense, the district court engaged in impermissible judicial fact-finding. See *Descamps*, 570 U.S. 254; *Apprendi*, 530 U.S. 466. As pointed out by the State, that challenge is not based on statutory interpretation, but has a constitutional basis. A motion to correct an illegal sentence cannot be used to attack the constitutionality of a sentencing statute. *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016). Thus, it cannot support this most recent challenge." *Tolen*, 2019 WL 3850633, at *4.

Still unsatisfied, Tolen attempted for a seventh time to challenge the classification of his prior New Jersey crime by filing another pro se motion to correct an illegal sentence in March 2024. That motion underlies this appeal. The district court summarily denied this motion, holding that the law of the case doctrine and res judicata precluded his claim.

Tolen appeals. He first argues that the district court erred by denying his motion on the basis of the law of the case doctrine and res judicata. Second, he argues that his sentence is illegal because the State did not meet its burden at sentencing to prove his prior New Jersey conviction should be classified as a person felony.

DID THE DISTRICT COURT ERR BY DENYING TOLEN'S MOTION TO CORRECT AN ILLEGAL SENTENCE UNDER RES JUDICATA AND THE LAW OF THE CASE DOCTRINE?

Three preclusionary doctrines "put into practice the policy that courts generally will not reopen matters already decided by a court": res judicata, law of the case, and collateral estoppel. *State v. Bailey*, 315 Kan. 794, 797, 510 P.3d 1160 (2022). "While differences exist between the three doctrines, each of them has the same effect of allowing one opportunity for argument and decision while avoiding relitigation of the same issue by the same parties." 315 Kan. at 797. At issue here is the applicability of res judicata and the law of the case doctrine.

Whether a preclusionary doctrine applies is a matter of law subject to unlimited review. See *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023); *State v. Parry*, 305 Kan. 1189, 1194, 390 P.3d 879 (2017) (law of the case doctrine).

Preclusionary doctrines can apply to a motion to correct an illegal sentence, although, as is often the case in the law, there are exceptions to its application. See *Moncla*, 317 Kan. at 415. In *Moncla*, the Kansas Supreme Court recognized that even though a motion to correct an illegal sentence may be brought at "any time" under K.S.A. 22-3504(a), a defendant cannot use successive motions to correct an illegal sentence to repetitively present arguments that have been considered and rejected. See *Moncla*, 317 Kan. at 415-17. The *Moncla* court held that the preclusion rule governing those motions "bars a claim when the same parties are involved, the same claim was previously raised, and there has been a final judgment on the merits." 317 Kan. at 415. But the court explained the rule would not necessarily preclude a claim that could have been raised in an earlier motion but was not. See 317 Kan. at 416-17.

In the context of a motion to correct an illegal sentence, one exception to res judicata is that it does not apply if a new development in the law shows a previous

6

illegal-sentence motion was improperly denied. *Murdock II*, 309 Kan. at 592. Thus, "the 'at any time' language of K.S.A. 22-3504(1) permits a party to advance a successive motion to correct an illegal sentence premised on developments in the law that show the earlier determination was wrong on the merits." 309 Kan. at 592. That said,"'[a] successive motion that merely seeks a "second bite" at the illegal sentence apple is susceptible to dismissal according to our longstanding, common-law preclusionary rules.'" *Moncla*, 317 Kan. at 417.

The *Moncla* opinion denotes res judicata as the applicable preclusionary doctrine. Res judicata precludes claims in a new case that a party had asserted, or could have asserted, in an earlier proceeding. See *Herington v. City of Wichita*, 314 Kan. 447, 457-58, 500 P.3d 1168 (2021). In contrast, the law of the case doctrine precludes a party from relitigating a claim that has been decided in an earlier appeal in the same case. See *State v. Collier*, 263 Kan. 629, 633-34, 952 P.2d 1326 (1998). Because Tolen is relitigating a claim that has been decided in earlier appeals in the same case, we should perhaps apply the law of the case doctrine. But it seems the Kansas Supreme Court used the phrase "res judicata" as an umbrella to include both res judicata (claim preclusion) and law of the case. See *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012) (stating the district court's reference to res judicata is "broad enough to encompass both claim and issue preclusion"); Black's Law Dictionary 1570 (12th ed. 2024) (recognizing "res judicata" may be used as umbrella term for variety of preclusion rules); see also *State v. Powell*, No. 126,413, 2024 WL 3310102, at *2 (Kan. App. 2024) (unpublished opinion) (discussing that the law of the case doctrine seems more applicable than res judicata when a defendant files repeated motions to correct an illegal sentence raising the same arguments). We thus apply res judicata, as the district court did.

"[R]es judicata prevents a litigant from raising claims that the courts have resolved. 299 Kan. at 901. The doctrine generally bars a claim when the same parties are involved, the same claim was previously raised, and there has been a final judgment on

the merits." *Moncla*, 317 Kan. at 415. Tolen is raising a claim that our appellate courts have resolved. His current claim involves the same parties, the same claim he previously raised, and there has been a final judgment on its merits. Under the general rule of res judicata, Tolen's motion to correct an illegal sentence is precluded, as the district court held.

No exception to that rule applies. "K.S.A. 22-3504 gives a defendant 'the opportunity to revisit a merits determination of legality' when the defendant can point to a 'subsequent development in the law' that shows the prior merits determination 'was wrong in the first instance.'" *Moncla*, 317 Kan. at 416-17 (quoting *Murdock II*, 309 Kan. at 592). Thus when developments in the law shine new light on the original question of whether the sentence was illegal when pronounced, the Kansas Supreme Court may decline to apply the res judicata doctrine to a successive illegal-sentence motion. 317 Kan. at 417.

But Tolen "bears a threshold burden to prove that a subsequent development in the law undermines the earlier merits determination." *Murdock II*, 309 Kan. at 592; *Moncla*, 317 Kan. at 417. To meet this burden Tolen cites *Murdock II*, 309 Kan. at 592-93, to show that his New Jersey conviction was improperly classified. But in Tolen's 2019 appeal, the panel analyzed his case under *Murdock II*. Tolen fails to explain how *Murdock II*, viewed seven years after this court already applied it to his case, is a subsequent development in the law that undermines the merits of our earlier determination. See *Murdock II*, 309 Kan. at 592; *Moncla*, 317 Kan. at 417; *Tolen*, 2019 WL 3850633, at *4. We find it is not.

Tolen asks the court yet again to examine classification of his prior New Jersey conviction without the proper showing of subsequent development. He cannot take a second, or seventh, bite of the same apple without doing so. Accordingly, res judicata

8

bars consideration of this issue. We affirm the district court's summary denial of Tolen's motion to correct an illegal sentence.

Affirmed.